# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICK N. DUPREE,
          Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
SF-315H-21-0036-I-1

DATE: August 22, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Patrick N. Dupree</u>, Jolon, California, pro se.

<u>Kristopher Motschenbacher</u> and <u>Bernard Lee Gotmer</u>, Fort Hunter Liggett,
   California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was appointed to a competitive service position on November 10, 2019. Initial Appeal File (IAF), Tab 7 at 14-15. The Standard Form 50 (SF-50) executed upon the appellant's hire notes that the "[a]ppointment is subject to completion of two year initial probationary period beginning 10-NOV-2019." *Id.* at 14. The appellant was terminated approximately 11 months later, on October 19, 2020, allegedly because he "failed to demonstrate the professionalism necessary for continued employment," including a "poor job attitude" and failing to comply with established leave-requesting procedures. IAF, Tab 1 at 7-10.

The appellant filed an appeal challenging his termination during his probationary period. *Id.* at 3. On his appeal form, the appellant acknowledged that he had only 11 months of Government service and was serving a probationary period at the time of his termination. *Id.* at 1. The administrative judge issued an acknowledgment order notifying the appellant that the Board may not have jurisdiction over his appeal and instructing him to meet his jurisdictional burden by filing evidence or argument within 15 days. IAF, Tab 2 at 2-5. The

appellant did not file a response. The administrative judge subsequently issued an initial decision dismissing the appellant's appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that he met the definition of an "employee" with Board appeal rights under 5 U.S.C. chapter 75. IAF, Tab 8, Initial Decision (ID). The appellant then filed a petition for review. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which the Board has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An individual employed in a competitive service position may appeal an adverse action, such as a removal, to the Board only if he meets the definition of an "employee," as defined by 5 U.S.C. § 7511(a). *Claiborne v. Department of Veterans Affairs*, 118 M.S.P.R. 491, ¶ 6 (2012). At the time of the appellant's appointment to his competitive-service position in November 2019, an individual appointed to a permanent competitive-service position in the Department of Defense (DOD) was subject to a 2-year probationary period and only qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) and 10 U.S.C. § 1599e (2016) if he was not serving a probationary or trial period under an initial appointment, or if he had completed 2 years of current continuous service. *See Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8.[2] We agree with the administrative judge's finding that the appellant has failed to nonfrivolously allege that he was an "employee" with a statutory right to appeal his termination because he was serving a probationary period and had only 11 months of current continuous service. ID at 4-5. The appellant does not dispute this finding on review. PFR File, Tab 1.

---

[2] In December 2021, Congress repealed 10 U.S.C. § 1599e and the 2-year probationary period for such DOD appointments. *Bryant*, 2022 MSPB 1, ¶ 8. However, this repeal was made effective December 31, 2022, and only applied to individuals appointed on or after that date. 10 U.S.C. § 1599e note; *Bryant*, 2022 MSPB 1, ¶ 8. The repeal of 10 U.S.C. § 1599e does not affect the outcome of this appeal.

In his petition for review, the appellant disputes the merits of the underlying termination decision and submits a document entitled "Standard Operating Procedure," as well as several character statements to counter the agency's stated reasons for removing him. *Id.* at 3-18. Arguments and documents related to the merits of the underlying termination decision are not relevant to the question of whether the appellant meets the definition of "employee" that would confer Board jurisdiction over his appeal. The appellant also asserts that he was denied a fair opportunity to present witnesses, that he did not understand Board procedures, and that he "didn't know [he] was representing [him]self." *Id.* at 3-5. A party to an appeal may designate a representative of his choice by submitting a pleading to the administrative judge. 5 C.F.R. § 1201.31. The appellant did not designate a representative in this appeal. IAF, Tab 1 at 1. To the extent the appellant argues he was denied a hearing, and although he claims he did not understand Board procedures, we find that the administrative judge's acknowledgment order put the appellant on notice of what he must allege to be entitled to a hearing, and he failed to file a response. IAF, Tab 2 at 2-5. Accordingly, we find that the administrative judge properly dismissed the appeal without a hearing because the appellant failed to nonfrivolously allege that the Board had jurisdiction over his appeal. *See Gallucci v. Department of Veterans Affairs*, 67 M.S.P.R. 360, 363-64 (1995) (stating that an administrative judge may dismiss an appeal for lack of jurisdiction, without a hearing, if the appellant has been placed on notice of what he must show or allege to establish jurisdiction or to obtain a jurisdictional hearing, and the appellant fails to make the required showing or allegations).

For the foregoing reasons, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.